**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KELVIN MCLEAN, :<br>:<br>Petitioner, :<br>:<br>v. :<br>:<br>WARDEN CHARLES MEYERS, :<br>et al., :<br>:<br>Respondents. :<br>: | Civil No. 07-3899 (SRC)<br><br>**O P I N I O N** |

**APPEARANCES:**

Kelvin McLean, Pro Se
#135304C/ #30066
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

**CHESLER, District Judge**

This matter is before the Court on Petitioner's application for habeas corpus relief, pursuant to 28 U.S.C. § 2254.[1] For reasons now discussed, the Court finds that this application must be dismissed because Petitioner has failed to exhaust all available state remedies before bringing this federal petition, as required under 28 U.S.C. § 2254(b)(1)(A).

---

[1] Petitioner has also filed an application to proceed in forma pauperis. Based on Petitioner's affidavit of indigence, the Court will grant his application.

**BACKGROUND**

Petitioner was convicted in the Superior Court of New Jersey, Passaic County, on July 19, 2007 for state law drug charges. He was sentenced to ten years, with a five-year period of parole ineligibility. Petitioner states that his appeal of his conviction and sentence is pending in the Superior Court of New Jersey, Appellate Division. He has not yet filed a motion for post-conviction relief. Petitioner alleges violations of his First, Fifth, and Sixth Amendment rights, as well as other violations during his trial process.

**DISCUSSION**

**A.   Pro Se Pleading**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.   Exhaustion Analysis**

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the

courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective. . . ."[2]  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v. Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").  The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993).

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.

---

[2] Exhaustion of remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  In 1948, the exhaustion doctrine was first codified at 28 U.S.C. § 2254, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18; Evans, 959 F.2d at 1230; O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir. 1987). Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989).

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson, 987 F.2d at 987. This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. See 28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Petitioner has failed to exhaust his state court remedies with respect to the challenged state court conviction. He admits that he filed an appeal which is pending in the state Appellate Division. There is no indication that Petitioner has filed a post-conviction relief motion in state court. Thus, based on Petitioner's own admissions in his application, it appears that none of the claims he now presents have been either raised or fairly presented for state court review. Therefore, Petitioner has failed to exhaust his petition.

Further, Petitioner has not shown that there is an absence of available state process. Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review

of unexhausted claims." Toulson, 987 F.2d at 987.  There does not appear to be any reason why Petitioner might be prohibited from exhausting his claims in state court.[3]

Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

---

[3] According to New Jersey Court Rule 3:22-12, Petitioner has five years from the entry of the judgment of conviction to file a PCR motion.  Thus, as Petitioner states that his judgment of conviction is dated July 19, 2007, Petitioner is within the time limitations to file a timely PCR motion in the state trial court.  However, the Court also directs Petitioner to the habeas statute regarding time limitations for filing a habeas petition in federal court, 28 U.S.C. § 2244(d)(stating that once Petitioner's conviction becomes "final," he has one year to file his habeas petition in federal court, absent tolling).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## **CONCLUSION**

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies. The Court therefore will dismiss the § 2254 habeas petition without prejudice. No certificate of appealability shall issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c)(2).

An appropriate Order accompanies this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:   August 22, 2007